OPINION OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Constitutional Law,* "Home Rule Amendment," Special law. *Municipal
Corporations,* "Home rule." *Statute,* Special law. *Words,* "Special
law."

Upon a proposed repeal of § 19 of the "Home Rule Procedures Act,"
G. L. c. 43B, enacted by St. 1966, c. 734, § 1, to supplement §§ 3 and
4 of art. 89 of the Amendments to the Massachusetts Constitution,
cities and towns by force of art. 89 would not have the same power
through their charters with respect to the amendment or repeal of
special laws enacted subsequent to the acceptance of art. 89 on
November 8, 1966, as § 9 of art. 89 gave to them with respect to the
amendment or repeal of special laws in existence on that date. [766]

The General Court may constitutionally enact as a general law under
§ 8 of art. 89 of the Amendments to the Massachusetts Constitution
legislation empowering cities and towns through their charters to
amend, revise or repeal any special law enacted by the General Court
after acceptance of art. 89 on November 8, 1966, unless the special
law specifically provides otherwise, and provided that the special law
is a statute applicable only to one city or town and so directly affecting
the governmental operations thereof that it could not be enacted
except in compliance with art. 89, § 8 (1) or (2). [767–768]

On August 13, 1969, the Justices submitted the following
answers to questions propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court
respectfully submit these answers to the questions set forth
in an order of the House of Representatives adopted on
July 28, 1969, and transmitted to us on July 31, 1969. The
order recites the pendency of Senate No. 1466, which
replaces House No. 4208 and House No. 5317. The bill
proposes to deal with difficulties occasioned by art. 2 of the

Amendments to the Constitution of the Commonwealth, as supplanted on November 8, 1966, by art. 89 of the Amendments (sometimes known as the Home Rule Amendment and hereafter referred to simply as art. 89).

The order transmits copies of all three bills and refers not only to art. 89, § 9, but also to G. L. c. 43B (the "Home Rule Procedures Act"), and to G. L. c. 4, § 7, Fifth, relevant portions of which are quoted below. The order recites (1) that House No. 5317 purports to amend St. 1967, c. 596 (establishing a selectmen-town administrator form of government for the town of Walpole) and that Walpole has requested the enactment of House No. 5317, in order that the town may put into effect a new charter; (2) that House No. 4208 would grant "to cities and towns the same powers with relation to special acts enacted *following* the acceptance" of art. 89 as "they *now* possess with relation to special acts enacted *prior* to the acceptance of" art. 89, and (3) that grave doubt exists as to the constitutionality of Senate No. 1466, if enacted. The three bills are short and we summarize each of them and the statutory provisions referred to in them.

Senate No. 1466 provides only that G. L. c. 43B, § 19, "is hereby repealed." Section 19 (inserted by St. 1966, c. 734, § 1) provides that G. L. c. 4, § 7, Fifth, "shall not apply to this chapter [c. 43B] and no special law enacted after" November 8, 1966, "shall be subject to amendment, revision or repeal by the adoption, revision or amendment of a charter under this chapter except to the extent that such special law shall expressly or by clear implication so provide." General Laws c. 4, § 7, reads in material part, "In construing statutes the following words shall have the meanings herein given, unless a contrary intention clearly appears. . . . Fifth, 'Charter,' when used with reference to cities or towns, shall include any special act or provision relating thereto."

House No. 4208 would substitute for G. L. c. 43B, § 19, a new § 19, providing that G. L. c. 4, § 7, Fifth, "shall not apply to this chapter. Any special law enacted after"

November 8, 1966, "shall be subject to amendment, revision or repeal by the adoption, revision or amendment of a charter under this chapter, unless such special law specifically provides otherwise."

House No. 5317, entitled "An Act providing that home rule procedures act shall apply to the town of Walpole," would insert a new § 31A in St. 1967, c. 596. This would read, "This act may be amended, revised or repealed in accordance with the procedures set forth in" G. L. c. 43B. Statute 1967, c. 596, as noted above, provides what is essentially a town charter for Walpole.

The questions are:

"1. If Senate, No. 1466 is enacted, repealing section 19 of Chapter 43B of the General Laws, will the provisions of" art. 89 "be sufficient to grant to cities and towns the same powers with respect to special laws passed *subsequent* to the acceptance of" art. 89 "as they now possess under Section 9 of the Article with respect to special laws passed *prior* to the acceptance of the Article?"

"2. If the answer to the first question is in the negative, is it constitutionally competent for the General Court to delegate to cities and towns, by the enactment of House, No. 4208, the power to amend, revise or repeal any special law enacted *after* the acceptance of" art. 89?

Both questions depend upon the provisions of art. 89 of the Amendments. Its relevant portions we now quote (emphasis supplied) or summarize.

Section 1 of art. 89 confirms "to the people of every city and town the right of self-government in local matters, *subject to the provisions of this article and to such standards and requirements* as the general court may establish by law in accordance with the provisions of this article." Section 2 provides in part that "Any city or town shall have the power to adopt or revise a charter or to amend its existing charter through the procedures set forth in sections

three and four. The provisions of any adopted or revised charter or any charter amendment *shall not be inconsistent with the constitution or any laws enacted by the general court in conformity with the powers reserved to the general court* by" § 8.

Section 3 provides procedures for the adoption or revision of a charter by a city or town and § 4 provides for charter amendments. These sections have been supplemented by G. L. c. 43B, inserted by St. 1966, c. 734, § 1.

Section 6 provides in part, "Any city or town may, by the adoption, amendment, or repeal of local ordinances or by-laws, exercise any power or function which the general court has power to confer upon it, *which is not inconsistent with the constitution or laws enacted by the general court in conformity with powers reserved to the general court* by" § 8.

Section 7 provides that nothing in art. 89 "shall be deemed to grant to any city or town" certain enumerated powers, subject to the proviso that even these "may be granted by the general court *in conformity with the constitution and with the powers reserved to the general court* by ... [§ 8]; nor shall the provisions of this article be deemed to diminish the powers of the judicial department of the commonwealth."

Section 8 reads in part, "The general court shall have the power to act in relation to cities and towns, but only by general laws which apply alike to all cities, or to all towns, or to all cities and towns, or to a class of not fewer than two, and *by special laws enacted* (1) on petition filed or approved by the voters of a city or town, or the mayor and city council, or other legislative body, of a city, or the town meeting of a town, with respect to a law relating to that city or town; (2) by a two-thirds vote of each branch of the general court following a recommendation by the governor; (3) to erect and constitute metropolitan or regional entities, embracing any two or more cities or towns or cities and towns, or established with other than existing city or town boundaries, for any general or special public purpose

or purposes, and to grant to these entities such powers, privileges and immunities as the general court shall deem necessary or expedient for the regulation and government thereof; or (4) solely for the incorporation or dissolution of cities or towns as corporate entities, alteration of city or town boundaries, and merger or consolidation of cities and towns, or any of these matters."

Section 9 governs the effect which the adoption of art. 89 has upon special laws existing in 1966 when art. 89 was adopted, and reads as follows, "All special laws relating to individual cities or towns shall remain in effect and have the force of an existing city or town charter, but shall be subject to amendment or repeal through the adoption, revision or amendment of a charter by a city or town in accordance with the provisions of sections three and four and shall be subject to amendment or repeal by laws enacted by the general court in conformity with the powers reserved to the general court by" § 8.

1. Article 89, § 9, gives the cities and towns power to amend "special laws relating to individual cities or towns" if the special laws were in existence on November 8, 1966. The mere repeal of G. L. c. 43B, § 19, would not grant any new power to cities and towns. It would at most repeal a general law enacting what appears to be a statutory rule of construction adopted by the General Court with respect to special laws enacted after November 8, 1966. That rule of construction in effect now provides that no such special laws (enacted after November 8, 1966) shall be amended unless the special law itself expressly or by clear implication permits such amendment.

Article 89, § 9, by its own force, has no application to special laws enacted after the acceptance of art. 89 on November 8, 1966. No other section of art. 89 gives to the cities and towns power to amend or affect special laws enacted after that date. Section 2 provides that any charter or charter amendment shall not be "inconsistent with the constitution or any laws enacted . . . in conformity with" § 8. Section 6 contains similar language. Thus the provi-

sions of art. 89 by themselves do not give power to any city or town to amend a special law enacted after November 8, 1966.

The repeal of the present c. 43B, § 19, would make it necessary to determine, without the aid of any statutory rule of construction, by ordinary rules of statutory interpretation, whether any particular special law enacted (in compliance with art. 89, § 8) after November 8, 1966, was one which the Legislature intended should be subject to amendment by local action pursuant to art. 89. If the special law should be interpreted as prohibiting amendment, that prohibition would be effective. Accordingly, in such circumstances at least, the mere repeal of c. 43B, § 19, would not grant to cities and towns the same powers with respect to special laws enacted after November 8, 1966, which art. 89, § 9, gives with respect to special laws in existence on November 8, 1966.

We answer Question 1, "No."

2. The second question relates to House No. 4208, which would attempt to lay down a somewhat different rule of construction of special laws enacted after November 8, 1966. In most respects it appears to reverse the present rule.

What is meant by "special law" in House No. 4208 is unclear. The same ambiguity appears in the present form of c. 43B, § 19, but is unimportant because the present rule of construction denies any local right of amendment of special laws enacted after November 8, 1966, unless the intention to permit local amendments affirmatively appears in the special law itself. There thus is little danger that the Legislature by inadvertence will permit such a special law to be amended or changed by subsequent local action without a further statute. Under the proposed new general rule of construction in House No. 4208, it is necessary to be precise in defining what is meant by a "special law," lest by inadvertence the proposed new § 19 should be deemed to permit unintended local amendments and changes.

We assume that "special law" is used in House No. 4208

in a sense which at least restricts the term to a statute applicable only to one city or town and so directly affecting its governmental operations that it could not be enacted by the General Court except in compliance with art. 89, § 8 (1) or (2). It can hardly be that House No. 4208 is designed to permit any local community by unilateral action to amend, for example, a statute (even though it might be regarded as a special statute in some contexts) which does not relate directly to the government of a single city or town, or a special statute enacted under § 8 (3) creating or affecting a metropolitan or regional entity, or a statute enacted under § 8 (4), or any statute applying to a class consisting of two or more cities or towns, which would be a "general" law under art. 89, § 8, although perhaps not so regarded in other contexts.

Obviously, if a change in G. L. c. 43B, § 19, is to be made, it should be done with sufficient precision to avoid confusion and to reduce the likelihood of unintended legislative action. The extent to which precautions should be taken to avoid such confusion, of course, is largely a matter for legislative consideration. See 1967 Senate Doc. No. 1547, pp. 16-17, where the matter is discussed in a memorandum prepared for Special Commission on Implementation of the Municipal Home Rule Amendment.

Giving the term "special law" in House No. 4208 the restricted meaning suggested above, we consider whether anything in art. 89 prevents the General Court from enacting the bill as a "general" law as that term is used in the first sentence of art. 89, § 8. As indicated above, art. 89, § 9, has no application, at least in respects now considered, to special statutes enacted after November 8, 1966. The provisions of art. 89, §§ 2, 6, and 7, in effect that local legislative action shall not be "inconsistent with . . . laws enacted . . . in conformity with" § 8 do not appear to us to preclude legislative action by general law (under the first sentence of § 8) providing a rule of construction permitting local amendment of "special laws" (if that term is properly restricted to a precise meaning) enacted after November 8,

1966, in the absence of explicit provisions in such special laws preventing such change. By reading the new "special law" in the light of the new general rule of construction, a local amendment or change could be found to be consistent with the "special law."

Subject to the foregoing discussion and to proper definition of the term "special law" in House No. 4208, we answer Question 2, "Yes."

> RAYMOND S. WILKINS.
> JOHN V. SPALDING.
> ARTHUR E. WHITTEMORE.
> R. AMMI CUTTER.
> PAUL G. KIRK.
> JACOB J. SPIEGEL.
> PAUL C. REARDON.