OPINION OF THE JUSTICES TO THE
HOUSE OF REPRESENTATIVES.

*Constitutional Law,* "Home Rule Amendment," General law, Municipalities. *Statute,* General law. *Municipal Corporations,* "Home rule." *West Springfield. Southwick. Words,* "Special law," "General law."

Proposed legislation petitioned for by authority of a town meeting in the town of Southwick, restricting the statutory power of the town of West Springfield to take water from its lands in Southwick, would be a "general law" applying "to a class of not fewer than two" towns within § 8 of art. 89 of the Amendments to the Massachusetts Constitution, and the Legislature could enact the legislation without the approval of West Springfield.

On May 4, 1970, the Justices submitted the following answer to a question propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit this answer to the question set forth in an order of the House of Representatives adopted on April 13, 1970, and transmitted to us on April 22, 1970. The order recites the pendency before the Joint Committee on Local Affairs of the General Court of a bill, House No. 885, a copy of which is transmitted with the order. The bill is entitled, "An Act further regulating the taking and holding by the Town of West Springfield of water within the Town of Southwick." The order refers to St. 1938, c. 10, under which West Springfield, for the purpose of acquiring an additional water supply, was authorized (see § 1) to lease, take by eminent domain, or acquire by purchase or otherwise, land in Southwick and Westfield. The order recites (a) that West Springfield, under c. 10, did acquire certain land in Southwick; (b) that, at a town

meeting in Southwick on March 23, 1970, the chairman of the town's conservation commission was authorized to file a bill which is now House No. 885, which seeks to restrict "the rights of . . . West Springfield to act [in Southwick] under authority of" c. 10; and (c) that West Springfield has not approved the filing of House No. 885.

The order refers to art. 89 of the Amendments to the Constitution of the Commonwealth (the so called Home Rule Amendment, hereafter mentioned simply as art. 89). It states that "[g]rave doubt exists . . . whether . . . the General Court has the power to act on House, No. 885 without the approval of . . . West Springfield."

The question is:

"Is it constitutionally competent for the General Court to act on House, No. 885 which calls for the enactment of a special law involving a matter affecting two towns, notwithstanding the fact that approval for the filing of said bill has only been voted by one town, to wit the town of Southwick?"

The answer to the question depends upon art. 89 of the Amendments, relevant portions of which we quote (emphasis supplied). Section 1 of art. 89 confirms "to the people of every city and town the right of self-government in local matters, *subject to the provisions of this article and to such standards and requirements* as the general court may establish by law in accordance with the provisions of this article." Section 8 reads in part, "The general court shall have the power to act in relation to cities and towns, *but only by general laws which apply alike* to all cities, or to all towns, or to all cities and towns, or *to a class of not fewer than two*, and *by special laws enacted* (1) *on petition* filed or *approved by* the voters of a city or town, or the mayor and city council, or other legislative body, of a city, or *the town meeting of a town, with respect to a law relating to that* city or *town;* (2) by a two-thirds vote of each branch of the general

court following a recommendation by the governor; (3) to erect and constitute metropolitan or regional entities, embracing any two or more cities or towns or cities and towns, . . . or (4) solely for the incorporation or dissolution of cities or towns as corporate entities, alteration of city or town boundaries, and merger or consolidation of cities and towns, or any of these matters."

We state briefly the statutory background of the present bill (House No. 885). Statute 1893, c. 206, gave West Springfield the power to obtain and maintain an additional water supply. Section 2 of that statute gave to West Springfield usual powers to take and maintain water facilities and lines. Section 1 of St. 1938, c. 10, already summarized, substituted a new § 2 in the 1893 act, and gave to West Springfield power to augment its water supply from sources in Southwick and Westfield. Statute 1941, c. 408, § 1, added to the 1938 revision of § 2 a paragraph which reads, "Nothing in this section shall . . . authorize . . . West Springfield to take directly any surface water or to install an impounding reservoir within . . . Southwick." House No. 885 would repeal this paragraph and, if enacted, insert in its place the following paragraph, "Nothing in this section shall be construed to authorize . . . West Springfield to take directly any surface water or to install an impounding reservoir within . . . Southwick, or to use or acquire further or additional land in Southwick in addition to land of record owned by . . . West Springfield in . . . Southwick and recorded in the . . . registry of deeds on or before . . . [September 1, 1966] or to authorize . . . West Springfield to take or remove in any manner from its wells located in . . . Southwick, water in excess of three and one half million gallons in any day. No additional wells than are now in place may be placed in . . . Southwick by . . . West Springfield." The provisions of the bill if enacted (a) would be in effect uniformly in Southwick and in West Springfield; (b) would affect West Springfield by curtailing its powers to acquire more land in Southwick or to draw more water from Southwick sources than at present,

and (c) would enable Southwick to prevent West Springfield from taking any action in violation of the section.

We recently have had occasion to answer questions from the House of Representatives with respect to then pending legislation which might be affected by the provisions of § 8 of art. 89 of the Amendments. See *Opinion of the Justices,* 356 Mass. 761 (hereafter for convenience called 1969 Home Rule Opinion No. 1, which related primarily to a bill which appears to have been the basis of St. 1969, c. 787); *Answer of the Justices,* 356 Mass. 769 (which dealt with a proposed Boston rent control statute, which appears to be one basis for St. 1969, c. 797); and *Opinion of the Justices,* 356 Mass. 775 (hereafter for convenience called the 1969 Stadium Opinion, which dealt with a bill to authorize projects of the Massachusetts Turnpike Authority, including building a stadium).

In the 1969 Stadium Opinion, 356 Mass. 775, 787–788, we said, "Section 8 states in general terms certain powers reserved to the General Court, which retains 'the power to act in relation to cities and towns' by general laws which apply alike to a class of not fewer than two cities or towns, and by special laws enacted as provided in clauses (1) to (4), inclusive, of § 8. We do not interpret the words 'to act in relation to cities and towns' as precluding the Legislature from acting on matters of State, regional, or general concern, even though such action may have special effect upon one or more individual cities or towns. If the predominant purposes of a bill are to achieve State, regional, or general objectives, we think that, as heretofore, the Legislature possesses legislative power, unaffected by the restrictions in art. 89, § 8. On the other hand, in instances where the primary purpose of a major and severable portion of a bill, otherwise enacted for State, regional, or general purposes, is to legislate 'with respect to . . . [the] local government,' or 'local matters,' of a particular city or town, it may be necessary to consider whether in the particular circumstances that [bill or] severable major portion complies with § 8 of art. 89."

In 1969 Home Rule Opinion No. 1, 356 Mass. 761, 766–

767, we pointed out the ambiguities inherent in the terms "special law" and "general law" as used in art. 89 or in bills or statutes possibly affected by art. 89. It, however, was not there necessary to advise concerning the precise meaning of those terms in art. 89.

House No. 885, by precisely the same language, affects Southwick and West Springfield and has legal effect in those towns, which constitute "a class of not fewer than two" towns. The bill relates to water supply and the allocation of water resources, matters of general State and regional concern. It is a "general law" within the context and meaning of the first sentence of art. 89, § 8. The Legislature may take action on it without the consent of West Springfield.

We answer the question, "Yes."

<div style="text-align: right">

RAYMOND S. WILKINS.
JOHN V. SPALDING.
R. AMMI CUTTER.
PAUL G. KIRK.
JACOB J. SPIEGEL.
PAUL C. REARDON.
FRANCIS J. QUIRICO.